## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JACKIE A.,

     Claimant,

     v.

FRANK BISIGNANO,
*Commissioner of Social Security*,

     Defendant.

Case No. 2:24-cv-665

### OPINION & ORDER

In this Social Security appeal, Claimant Jackie A. seeks review of an Administrative Law Judge's decision denying her claim for disability benefits and supplemental security income. The Honorable Douglas E. Miller prepared a report and recommendation, finding that the ALJ made no error that requires remand. ECF No. 14 (R&R). The claimant objected to the R&R on a ground she did not raise in her original briefing. The Court will adopt the portions of the R&R to which there are no objections, because it finds no clear error in Judge Miller's analysis on those points. As to the issue the claimant raises in her objection, the Court will adopt the R&R with modifications.

## I.    BACKGROUND

The claimant sought Social Security benefits based on several medical conditions and physical concerns that she asserted impaired her ability to sustain regular employment. Pertinent to the Court's evaluation here were the claimant's

diagnosis of sciatica and her complaints about pain, especially in her back. The ALJ who reviewed the claimant's application applied the five-step inquiry required by Social Security regulations. ECF No. 6 at 15–25; *see* 20 C.F.R. §§ 404.1520(a), 416.920(a). The ALJ found that the claimant failed to meet her burden at step five, because there were jobs she could perform in the national economy, even given her residual functional capacity (RFC). ECF No. 6 at 25. The claimant appealed to this Court. ECF No. 1.

In her initial briefing on appeal, the claimant argued that the ALJ erred by: (1) failing to account for the claimant's non-severe conditions in formulating the claimant's RFC and (2) failing to properly explain her analysis of the opinion of one of the claimant's treating doctors, Dr. Espiritu. *See generally* ECF Nos. 11, 13. The Court referred this matter to Judge Miller for an R&R, pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b). Reviewing only the issues the claimant initially raised, Judge Miller concluded the ALJ applied the law correctly and that the decision was based on substantial evidence. *See generally* ECF No. 14. Accordingly, Judge Miller recommended affirming the ALJ's decision to deny the claimant disability benefits and supplemental security income. *Id.* at 32.

The claimant objects to Judge Miller's recommendation, asserting that he erroneously concluded that the ALJ's RFC determination was legally proper. *See generally* ECF No. 15. She now argues that because the ALJ found her sciatica to be a medically determinable impairment, the ALJ was required to incorporate that impairment into the RFC finding (or explain why it was left out). *Id.* at 1–3.

## II.    LEGAL STANDARDS

When a party files a written objection to a report and recommendation issued by a magistrate judge, the district court must determine *de novo* "those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the absence of a specific written objection, the Court may adopt a magistrate judge's recommendations without conducting a *de novo* review, unless the recommendations are clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(b)(2); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III.    ANALYSIS

### A.    Conclusions to which the Claimant Does Not Object

The Court has reviewed Judge Miller's recommendations and finds no clear error in the conclusions to which the claimant does not object. Accordingly, the R&R will be adopted as to the finding that substantial evidence supports the ALJ's conclusions and that the ALJ properly evaluated Dr. Espiritu's opinions. ECF No. 14 at 20–22, 27–32. The Court will also adopt the R&R with respect to all of Judge Miller's recommendations regarding the legal sufficiency of the ALJ's decision, except for the finding that the ALJ was not required to incorporate the claimant's back pain

into the RFC (or explain why she did not incorporate it), which is discussed below. ECF No. 14 at 22–27.

### B.    Claimant's Objection

A critical part of an ALJ's assessment of whether an individual is entitled to Social Security disability benefits involves determining the claimant's RFC, which is a description of what the claimant can do despite their impairments. In their written opinion, an ALJ must consider all the symptoms that are "consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). Additionally, "[t]he ALJ must consider all of the claimant's physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect the claimant's ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019) (citation and quotation marks omitted). Failure to consider a symptom that is supported by the medical evidence—or failure to consider all of the claimant's impairments—is an error of law, which requires remand. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).[1]

Judge Miller concluded that the ALJ was not required to incorporate back pain into the claimant's RFC because the claimant's back pain was not a medically

---

[1] A district court also must remand a Social Security decision if the ALJ's findings are not supported by substantial evidence. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94–95 (4th Cir. 2020). Here, the claimant's objection goes to whether the ALJ made a legal error by failing to consider everything the regulations require—not to whether the ALJ's conclusion was supported by substantial evidence. *See* Part III.A., *supra*.

determinable impairment. ECF No. 14 at 25.[2] In her objection to the R&R, the claimant contends that the ALJ erred by not considering her sciatica, because the ALJ found that the sciatica *was* a medically determinable impairment. *See generally* ECF No. 15.

---

[2] Judge Miller also reasoned that the ALJ was not required to incorporate the claimant's back pain into the RFC (or explain why she did not incorporate it) because while moderate limitations must be accounted for in the RFC or alternatively explained, the same does not go for mild limitations. ECF No. 14 at 23. This mild-moderate distinction is based on a string of cases from this District that, in this Court's assessment, overextend the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).

*Mascio* dealt with an ALJ's failure to explain why a certain limitation—which the Fourth Circuit described in dicta as "moderate"—was not incorporated into the RFC. It does not stand for the proposition that a mild limitation can be excluded from the RFC assessment. In fact, the *Mascio* court does not even mention the concept of a 'mild limitation,' and the Fourth Circuit has consistently cited the decision for the rule that an ALJ must consider *all* medically determinable impairments, "severe and otherwise," *Thomas*, 916 F.3d at 311; *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016); *see Mascio*, 780 F.3d at 635 ("To make [the RFC] assessment, the ALJ must 'consider all of [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two.") (quoting 20 C.F.R. § 416.945(a)(2)).

Therefore, the Court does not adopt the R&R's reasoning based on *Mascio*.

Additionally, the Court notes that if the R&R's reading of *Mascio* were correct, it would still not dictate that the ALJ could leave the claimant's sciatica out of her RFC assessment. That reasoning equates a non-severe medically determinable impairment with a mild one. And the ALJ never found that the claimant's sciatica was a mild limitation. However, because the ALJ *did* incorporate the claimant's sciatica into the RFC finding, as described below, this clarification has no effect on the Court's conclusion.

The claimant did not raise this issue in her original appeal, but that does not bar her from making the objection now. *Eijah v. Dunbar*, 66 F.4th 454, 459–60 (4th Cir. 2023).

It is true that the ALJ found sciatica to be a medically determinable impairment. ECF No. 6 at 17 (listing "sciatica" as one of several "remaining medically determinable physical impairments"). However, contrary to the claimant's contention, the ALJ *did* consider sciatica in coming to her decision on the RFC and explained why it did not result in a disability finding. *See id.* at 22–23.

The claimant appears to contend that because the ALJ discussed pain in her RFC analysis without mentioning sciatica specifically, she did not incorporate the sciatica impairment into her RFC finding. But that does not make sense. The claimant's back pain from sciatica was the only pain-related impairment that the ALJ found medically determinable, so it was the only pain-related impairment she was required to consider in assessing the claimant's RFC. Put differently, the ALJ would not have needed to discuss pain in the RFC analysis at all unless the pain she was considering included sciatica.

Indeed, a close examination of the ALJ's opinion reveals that she considered the claimant's back pain with *and* without sciatica; she simply described the two together because she concluded that back pain—regardless of the source—did not limit the claimant's function as much as she asserted it did. *See* ECF No. 6 at 22–23. In other words, instead of proceeding symptom by symptom (*i.e.*, discussing the claimant's sciatica, then her back pain not associated with sciatica), the ALJ properly

engaged in a "function-by-function" assessment of how the claimant's impairments "affect [her] ability to work." *Thomas*, 916 F.3d at 311.

The claimant's medical records reflect a sciatica diagnosis only once, in December 2022. ECF No. 6 at 781. While the ALJ's opinion does not cite that record explicitly, it is clear she considered it. She generally discusses the claimant's treatment in 2022, then draws a comparison between the treatment the claimant received in 2022, and the symptoms she described "more recently, in 2024." *Id.* at 22–23. Specifically, the ALJ notes that "in 2024, the [claimant] again complained about having back pain, but without extremity pain radiation"—*i.e.*, without sciatica. *Id.* at 23.

Just like she addressed the claimant's back pain from sciatica as part of the assessment of the claimant's back pain generally, the ALJ discussed all of the claimant's complaints about pain (in her back and other areas) together, explaining why she found that the claimant's reports about pain were not consistent with the medical evidence and did not support a disability finding. *See* ECF No. 6 at 23. Specifically, the ALJ explained that while "there was no doubt as to whether the claimant feels some pain symptoms," the ALJ did not believe "the extent of those symptoms" were as the claimant asserted. *Id.* Therefore, the ALJ concluded that "[t]he record revealed [the claimant's] impairments [had] less impact on her functional abilities than were reported at the hearing" and did not support a different RFC determination. *Id.*

After a *de novo review*, the Court concludes that although the ALJ did not use the *word* 'sciatica' in the portion of her written analysis that dealt with pain, the claimant's sciatica was clearly a component of the ALJ's consideration and was incorporated into the RFC finding, as the law demands. Therefore, the Court finds no legal error in the ALJ's decision that requires remand.

While this reasoning differs from Judge Miller's, the outcome is the same. Accordingly, the Court adopts with modifications the portion of the R&R that deals with the role of back pain in the ALJ's RFC determination. ECF No. 6 at 22–27.

## III.    CONCLUSION

The Honorable Douglas E. Miller's Report and Recommendation (ECF No. 14) is **ADOPTED IN PART**, as to the finding that substantial evidence supports the ALJ's conclusions and as to all of the recommendations regarding the legal sufficiency of the ALJ's decision except for the finding that the ALJ was not required to incorporate the claimant's back pain into the RFC (or explain why she did not incorporate it).

As to its conclusions regarding the role of back pain in the ALJ's RFC determination, the R&R is **ADOPTED WITH MODIFICATIONS**, as described in this Opinion and Order.

The claimant's appeal of the Commissioner's final decision and request for a remand (ECF No. 1) is **DENIED**.

**IT IS SO ORDERED**.

_____ /s/ _____
Jamar K. Walker
United States District Judge

Norfolk, Virginia
November 25, 2025